UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SANTANA VILLARREAL, III,       )<br>    Plaintiff,                             )<br>                                              )<br>        v.                                   )<br>                                              )<br>CITY OF LAKE STATION and    )<br>CHRIS T. PURSER,                 )<br>    Defendants.                       ) | CAUSE NO.: 2:08-CV-185-TLS |

**OPINION AND ORDER**

This matter is before the Court on a Defendants' Motion to Set Aside Entry of Default [DE 9], filed on July 3, 2008. The Plaintiff has not filed a response, and the time to do so has passed.

On May 16, 2008, Plaintiff filed his 42 U.S.C. § 1983 Complaint in this cause of action in the Lake Superior Court. Plaintiff attempted to serve his Complaint on Defendants on or about May 22, 2008. However, Plaintiff did not serve the attorney for the City of Lake Station.

On June 16, 2008, twenty-five days after Plaintiff's attempt to accomplish service, Plaintiff sent via certified mail a motion for entry of default to the trial court pursuant to Indiana Trial Rule 4. Plaintiff moved for default on the first possible date to do so because the twenty-third day after service was Saturday, June 14, 2008.

On June 18, 2008, the Lake Superior Court Judge entered an "Order of Default Judgment Against Chris T. Purser," granting Plaintiff's "Motion for Entry of Default." Although the record represents that Plaintiff sent the court motions for entry of default and proposed orders for both Defendant City of Lake Station and Defendant Chris T. Purser, the state record filed with this Court upon removal does not contain any order for an entry of default against Defendant Lake Station. The "Case Disposition Sheet" contained in the state record indicates that the court ordered the Clerk

to dispose of the case by "Default." The docket sheet for the state case does not reflect the entry of default as to either Defendant.

On June 20, 2008, prior to receiving the state court's order granting the entry of default, Defendants filed a timely Notice of Removal pursuant to 28 U.S.C. § 1446(b). The state court record was received by this Court on July 2, 2008, and the instant motion was filed on July 3, 2008.

Federal Rule of Civil Procedure 55 provides, "The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). To vacate an entry of default, "the moving party must show: (1) good cause for default (2) quick action to correct it and (3) meritorious defense to plaintiff's complaint." *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc*, 28 F.3d 42, 45 (7th Cir. 1994). In their memorandum, Defendants argue that Plaintiff failed to properly serve Defendant City of Lake Station under Indiana Trial Rule 4.6(A)(5) because he did not serve the City of Lake Station's attorney, Ray Szarmach. Defendants represent that, although the City of Lake Station was served with the Complaint, the City failed to transmit the Complaint and Summons to the City's insurer and/or attorneys. Defendants represent that there is no evidence that they acted willfully, deliberately, or recklessly in handling this matter. Defendants were served with the Complaint on May 22, 2008, and Defendants filed their Notice of Removal on June 20, 2008, and their Motion to Vacate on July 3, 2008. Defendants argue that they have a meritorious defense to the allegations of the Complaint, representing that the "incident, witnessed by several persons, simply did not happen the way Plaintiff claims it did, and Plaintiff cannot prove that the injury he suffered was the result of a custom, policy or practice of Defendant Lake Station." Def. Br., p. 7.

2

Based on the foregoing and in light of the absence of a response brief from Plaintiff, the Court finds that Defendants have made the necessary showing for the Court to vacate the entry of default. Therefore, the Court **GRANTS** Defendants' Motion to Set Aside Entry of Default [DE 9] and **ORDERS** that the entry of default, entered in the state court proceedings, be **VACATED**.

The Court **REAFFIRMS** the telephonic Rule 16(b) preliminary pretrial conference set for **July 31, 2008, at 9:45 a.m. (CST)**. The parties are **REMINDED** to file their joint proposed discovery plan in accordance with Federal Rule of Civil Procedure 26(f) prior to the conference.

SO ORDERED this 28th day of July, 2008.

                                              s/ Paul R. Cherry
                                              MAGISTRATE JUDGE PAUL R. CHERRY
                                              UNITED STATES DISTRICT COURT

cc: All counsel of record